**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **EILEEN LASTRA,** | **Civil Case Number:** |
| **Plaintiff,** | |
| **-v-** | **<u>CIVIL ACTION</u>** |
| | **COMPLAINT** |
| **EXPERIAN INFORMATION** | **AND** |
| **SOLUTIONS, INC. and JHPDE** | **DEMAND FOR JURY TRIAL** |
| **FINANCE 1, LLC,** | |
| **Defendants.** | |

## <u>INTRODUCTION</u>

1.      Identity theft has long been a widespread problem in this country.  Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2.      Plaintiff, Eileen Lastra, has been the unfortunate victim of identity theft. Specifically, upon information and belief, at least one identified individual opened  an account with Citibank under Plaintiff's name, without his knowledge or authorization. This account was ultimately referred to collections with JHPDE. This account has destroyed Ms. Lastra's credit with

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone.  *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

Defendant Experian reporting this account negatively.

3.    Rather than working with Ms. Lastra to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent accounts from her credit report, despite the Plaintiff specifically disputing the fraudulent items.   Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate this fraudulent account with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

4.    Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Experian Information Solutions, Inc. and JHPDE Finance I, LLC have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent account, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue.

5.    Plaintiff further alleges that the consumer reporting agencies Transunion, Equifax and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

6.    Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## **JURISDICTION**

7.    The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  All defendants regularly conduct business within the state of New York and violated Plaintiff's rights under the FCRA in the state of New York as alleged more fully below.

8.    Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conduct business in this District, and communications giving rise to this action occurred in this District.

**PARTIES**

9.      Plaintiff, Eileen Lastra ("Plaintiff"), is a resident of the State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10.     Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.     Experian is a corporation with its headquarters located in Costa Mesa, California.

12.     Defendant JHPDE Finance 1, LLC ("JHPDE") is a debt collector with is principal office located at 420 Montgomery Street, San Francisco, CA 94104.

**FACTUAL ALLEGATIONS**

13.     Sometime prior to March of 2019, Plaintiff discovered he was the victim of identity theft. Plaintiff discovered this because Defendant JHPDE filed a civil suit in the Civil Court of the City of New York, County of Bronx against Plaintiff for a purported Citibank debt she had incurred. This account was opened without Plaintiff's knowledge or authorization to do so.

14.     Accordingly, in or around March of 2019, the civil suit with JHPDE was jointly dismissed.

15.     Sometime later, Plaintiff discovered that this fraudulent account was appearing on er consumer credit reports from Experian. Specifically, JHPDE Finance I, LLC, Account Number

2093P1XXXXXX, Original Creditor: Citibank N.A.

16.     Accordingly, Plaintiff submitted multiple disputes to Experian disputing this account and asserting that this account was fraudulently opened without her consent. However, Experian failed to remove this inaccurate information.

17.     Most recently, Plaintiff disputed this account with Experian on or about October of 2023. In this dispute, Plaintiff clearly advised the Experian that she was the victim of identity theft, and that this information should be removed and blocked.

18.     Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the fraudulent JHPDE accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

19.     Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

20.     Upon information and belief, Experian and JHPDE were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

21.     At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

22.     Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

23.     In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

24.     As a direct and proximate result of the Defendants' willful and/or negligent refusal

to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit.  For example, Plaintiff has been denied credit due to this derogatory inaccuracy and has been offered credit on less favorable terms.

25.     Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free, and caused the dissemination of defamatory information regarding Plaintiff.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

26.     All preceding paragraphs are realleged.

27.     At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

28.     The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

29.     On multiple occasions, including on or about October of 2023, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific fraudulent items in

her credit file that were patently inaccurate and damaging to her, including the fraudulent JHPDE account. Plaintiff provided information and documentation showing that she was the victim of identity theft and had not opened this account.

30.     However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

31.     Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

32.     As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### <u>COUNT II</u>

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST JHPDE**

33.      All preceding paragraphs are re-alleged.

34.     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

35.     On multiple occasions, including or about October of 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by JHPDE.

36.     Upon information and belief, JHPDE received notice of these disputes from the credit bureaus.

37.     JHPDE was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

38.     Even after the Plaintiff properly disputed these accounts with the credit reporting

agencies, JHPDE refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

39.     JHPDE's conduct violated section 1681s-2(b) of the FCRA.

40.     As a result of JHPDE's conduct, Plaintiff was harmed, as discussed above.

## **DEMAND FOR TRIAL BY JURY**

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 22, 2024

By:     /s/ Yitzchak Zelman
        MARCUS & ZELMAN, LLC
        701 Cookman Avenue, Suite 300
        Asbury Park, New Jersey 07712
        (732) 695-3282 telephone

(732) 298-6256 facsimile
*Attorney for Plaintiff*